JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

FEB -7 92

PATRICIA D. HOWARD
CLERK OF THE PANEL

## DOCKET NO. 911

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### IN RE ENERGY DEVELOPMENT PARTNERS, LTD., SECURITIES LITIGATION

    *J. Robert Jackson, etc. v. Angeles Corporation, et al.*, C.D. California, C.A. No. 91-881-AWT(Kx)
    *Herman Brinkman, et al. v. Angeles Corporation, et al.*, S.D. Texas, C.A. No. H-89-2739

### BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK, LOUIS H. POLLAK, HALBERT O. WOODWARD,[*] ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL

### ORDER DENYING TRANSFER

    This litigation consists of the two above-captioned actions pending in the Central District of California and the Southern District of Texas, respectively. Before the Panel is a motion, pursuant to 28 U.S.C. §1407, by defendant Angeles Corporation for transfer of the two counts in the California action asserting federal securities law and common law fraud violations to the Southern District of Texas.[1]

    On the basis of the papers filed,[2] the Panel finds that Section 1407 centralization would neither serve the convenience of the parties and witnesses nor further the just and efficient conduct of this litigation. Given the minimal number of actions before us, movant has failed to persuade us that any common questions of fact are sufficiently complex, or that the accompanying discovery will be so time-consuming, to justify Section 1407 transfer. *See In re Scotch Whiskey Antitrust Litigation*, 299 F. Supp. 543, 544 (J.P.M.L. 1969). We point out that suitable alternatives to transfer exist in order to minimize the possibility of duplicative discovery and/or inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Company (Cephalexin*

---

    [*]Judge Woodward took no part in the decision of this matter.

    [1]Because Section 1407 permits transfer only of actions (not claims), but does permit remand of claims in a transferred action in advance of other claims in the action, movant's request would be accomplished by Section 1407 transfer of the California action and simultaneous remand to the California court of all claims but the securities and fraud claims.

    [2]The parties waived oral argument and, accordingly, the question of transfer of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

*Monohydrate) Patent Litigation*, 446 F. Supp. 242, 244 (J.P.M.L. 1978). *See also Manual for Complex Litigation, Second*, §31.13 (1985).

IT IS THEREFORE ORDERED that the motion for centralization of the above-captioned actions pursuant to 28 U.S.C. §1407 be, and the same hereby is, DENIED.

FOR THE PANEL:

John F. Nangle
Chairman